**In re R. S. McCONNELL LUMBER CO., Inc.**
No. 44764.

District Court, S. D. New York.
June 22, 1931.

Swiger, Scandrett, Chambers & Landon, of New York City (J. Anthony Panuch, of New York City, of counsel), for Seward Nat. Bank.

Murray, Aldrich & Webb, of New York City, for Equitable Trust Co.

A. Donald MacKinnon, of New York City, and Arthur J. Keeffe and Andrew Jackson, both of New York City, opposed.

WOOLSEY, District Judge.

The petition to review is dismissed, and the order of the referee is affirmed.

I. On May 10, 1927, the bankrupt secured from the American Credit-Indemnity Company a credit indemnity policy in the sum of $50,000 to cover it for a year from March 1 to February 29, 1928, against losses from credit extended to certain preferred firms according to table of ratings of the National Lumber Manufacturers' Credit Corporation.

The provisions of this policy, relevant to the question before me are—

"10.—Collateral Benefits—This policy is not assignable, but the Company may provide, upon written request of the Indemnified, that any excess loss, ascertained to be due and payable as provided in Condition No. 8, shall be paid to any Bank, Trust Company, or other payee designated by, and for the account of, the Indemnified."

"2.—Coverage—No loss is covered by this Policy, unless the debtor to whom the goods were shipped and delivered shall have in the latest published book of the Natl. Lbr. Mfrs. Cr. Corp. Mercantile Agency, at the date of shipment, a capital rating and its accompanying credit rating, as tabulated below, nor is any loss covered on any account sold on longer terms than 90 days including dating."

After clause 2 followed a schedule of the credit ratings.

II. The bankrupt, borrowed from the Equitable Trust Company on January 31, 1928, on its note, the sum of $25,000, and gave the Equitable Trust Company as security for the loan: (1) An assignment of certain claims which had already accrued against the Credit-Indemnity Company; and (2) Secured for it a rider to the policy providing that "any excess loss shall become due and payable from The American Credit-Indemnity Company of New York to the Indemnified under and pursuant to the terms and provisions of said Policy, the amount so becoming due shall be paid by said The American Credit-Indemnity Company of New York to Equitable Trust Co. of New York as their interest may appear, for account of the Indemnified."

This rider was annexed to the policy under the collateral benefits provisions of clause 10, above quoted.

III. Other banking interests, among them the Seward National Bank, petitioner here, had given credit acceptances which turned out badly, and which would have been covered in favor of the bankrupt by the credit indemnity policy. Apparently, however, they did not have knowledge of that policy, and certainly did not secure any riders in their favor under clause 10.

IV. Owing to the fact that the insurance contract was by its terms nonassignable, the cause of action thereunder was irrevocably vested in the trustee, except in so far as by riders under clause 10, above referred to, other parties might be given a locus standi.

V. Losses accrued under the policy totalling in all $39,200, but in order that the trustee might bring suit under the policy, it was necessary for him to have possession of the outstanding negotiable paper involved, that he might surrender it, or at least tender it, on the trial. It was necessary, therefore, to secure these negotiable instruments from the several banking interests. These interests delivered their paper to the trustee under various conditions. But however phrased, these conditions of deposit were effectual only to prevent the negotiable paper itself from becoming part of the bankrupt's estate, and did not divest the trustee in bankruptcy, as such, of his cause of action for the estate in bankruptcy on the insurance policy and create him merely a trustee to bring suit for the several banking interests, nor did it change their status from that of general unsecured creditors to that of secured creditors.

VI. Suit was, accordingly, brought against the American Credit-Indemnity Company of New York in the Supreme Court of New York county by the trustee in bankruptcy on or about July 23, 1929, claiming losses in the sum of $39,200.

After protracted negotiations, the details of which need not be considered here, the American Credit-Indemnity Company paid to the trustee in settlement of this action the sum of $15,000.

VII. It is the disposition of this sum, which is the subject-matter of the present controversy. The contention is that it never came into the possession of the trustee in bankruptcy as such, but that it was recovered by him, not in his official capacity, but as a fiduciary for the several banking interests who had deposited with him the negotiable paper above mentioned.

Under the rider issued for collateral benefits pursuant to clause 10 above quoted, the Equitable Trust Company I think was directly insured in respect of the credits which it had granted, and I think probably it could have brought an action against the Credit-Indemnity Company to the extent of its own loss on its own account if it had wished to do so. But the trustee certainly owned any residual claim against the Credit-Indemnity Company over and above the claim of the Equitable Trust Company.

It was a better course, therefore, having the whole situation in view, to bring suit on behalf of the bankrupt for all its losses. The result of the suit could not, of course, have

been foreseen, and if a full recovery had been had, there would have been an excess above the $25,000, due to the Equitable Trust Company in the sum of $14,200, which would have gone to augment the bankrupt estate, of which the other banking interests were only general creditors, unless their deposit of their negotiable paper is deemed to have been for their individual benefit, and not for the general benefit of the estate.

It is not necessary, however, to go into this interesting question because the Equitable Trust Company had, by its foresight in getting the rider in its favor annexed to the policy, put itself into a position in which it was insured against credit losses jointly with the bankrupt up to the amount of the bankrupt's indebtedness to it.

As it is clear that the interest of the Equitable Trust Company covered the entire amount paid by the Credit-Indemnity Company, it follows that the referee's decision was correct, not only on the jurisdictional question, cf. In re Rochford, 124 F. 182, 186, 187 (C. C. A. 8), but also on the merits.

Settle order on two days' notice.